**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DONALD E. BOYD,

Plaintiff,

v.

BERGEN COUNTY JAIL, et al.,

Defendants.

Civil No. 07-769 (FSH)

**OPINION**

**APPEARANCES:**

DONALD E. BOYD, # 517948 / SBI-81706B
Plaintiff Pro Se
New Jersey State Prison
Trenton, New Jersey 08625

**FAITH S. HOCHBERG, District Judge**

Plaintiff DONALD E. BOYD (hereinafter "Plaintiff"), currently confined at New Jersey State Prison, Trenton, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint") and Motion for Appointment of Counsel (hereinafter "Motion"). Plaintiff named the following

parties as Defendants in this action: (1) Bergen County Jail; (2) John Doe, Doctor (at Bergen County Jail); (3) Correctional Medical Services, Inc.; (4) Officer Russo; (5) John Doe Bergen County Jail Officers; (6) Patricia Bagleve, the prosecutor of Plaintiff's criminal case; and (7) John Doe Medical Personnel. See Compl., caption and at 3-4. Plaintiff seeks compensatory damages in the amount of $2,000,000 from each Defendant, plus punitive damages.

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be

mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**B. Not Viable Claims**

Plaintiff sets forth not viable claims against Defendants Bergen County Jail, Correctional Medical Services, Inc., Patricia Bagleve (Bergen County Prosecutor) and John Doe Medical Personnel.

Plaintiff's claims against Defendant Bergen County Jail is not viable since Defendants Bergen County Jail is not a "person" subject to suit under 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 68-70 (1989) (holding that States and governmental entities considered "arms of the State" for Eleventh

Amendment purposes are not "persons" within the meaning of § 1983); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983). Therefore, Plaintiff's claims against Defendant Bergen County Jail will be dismissed with prejudice.

Plaintiff's claim against Defendant Correctional Medical Services, Inc. reads as follows:

> Defendant Correctional Medical Services was the contracted medical provider responsible for the care and treatment of Plaintiff both as a county and state prisoner, and as such, approved the medication "Xanax" in violation of Plaintiff's right to receive adequate medical care.

Compl. at 3. However, right prior to making this very claim, Plaintiff asserts that "John Doe Doctor" was the actual entity "who was responsible for prescribing the drag Xanax to be taken by Plaintiff." Id. Therefore, it appears that Plaintiff's claim against Defendant Correctional Medical Services, Inc. alleges nothing but supervisory liability, that is, liability based on the fact that Defendant Correctional Medical Services, Inc. was the employer of Defendant John Doe Doctor.

However, a supervisor may be found liable under 42 U.S.C. § 1983 only for failure to properly supervise. To hold a supervisor liable under § 1983 for failure to properly supervise, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy

or practice created an unreasonable risk of injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001); see also Brown v. Muhlenberg Tp., 269 F.3d 205, 216-217 (3d Cir. 2001); Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989). The supervisory liability test can be met by "(i) showing that the supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's, or (ii) showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and the failure of supervisory officials to respond will alone' support finding that the four-part test is met." Beers-Capitol, 256 F.3d at 136-137 (quoting Sample, 885 F.2d at 1118). Since Plaintiff's Complaint sets forth no claims indicating that Defendant Correctional Medical Services, Inc. Could be liable under the aforesaid test, Plaintiff's claims against Defendant Correctional Medical Services, Inc. will be dismissed with prejudice.

Plaintiff's claims against Defendant Bagleve, the prosecutor of Plaintiff's underlying criminal case, are limited to the following statement:

> During the hearing, [Defendant] ask[ed] the court to inquire into [Plaintiff's] medications because [Plaintiff, apparently, noted to the court that he was not given his prescribed medications at some point prior to the hearing. For instance, Defendant] wanted to know if [Plaintiff] was receiving [plaintiff's] anti-psychotic

> drugs. [After the hearing,] Plaintiff was taken to a telephone in order to speak with [Defendant who] wanted to know if Plaintiff had proper trial clothes. Plaintiff asked [Defendant to] tell the [prison] personnel to allow [Plaintiff] to get a shower in the morning before [the trial but Defendant] refused.

Compl. at 6. This allegations set forth no claim of a wrongful action, since the statement merely indicates that Defendant Bagleve was seeking to *ensure Plaintiff's rights*, that is, to guarantee that Plaintiff was not prejudiced by reduced capacities or by an inappropriate garb during the trail. Moreover, Plaintiff's statements indicate that Defendant Bagleve was neither responsible for Plaintiff's poor conditions of confinement not had it within her power to alleviate Plaintiff's conditions.

As to Defendant Bagleve's continuation of her prosecutorial duties after Defendant's learning about Plaintiff's conditions, Plaintiff's claims based on Defendant's performance of her prosecutorial duties are barred because prosecutors are absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)). Therefore, Plaintiff's claims against Defendant Bagleve will be dismissed with prejudice.

Finally, Plaintiff assert that Defendants John Doe Medical Personnel, "acting alone and in concert with others, through their action and inaction, [were] responsible for [unspecified] constitutional deprivation" of Plaintiff's rights. Compl. at 3-4.

 These allegations set forth no claim. Since the Complaint does not allege any actual involvement that Defendants John Doe Medical Personnel had with Plaintiff, Plaintiff's claims against Defendants John Doe Medical Personnel should be dismissed. See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995) (personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights (or by tolerating past or ongoing misbehavior of subordinates while having both supervisory power and knowledge of these constitutional violations); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Where no personal involvement by the defendant is asserted, Plaintiff's claim against that defendant is subject to dismissal. See Rode, 845 F.2d at 1207. Therefore, Plaintiff's claims against Defendants John Doe Medical Personnel will be dismissed without prejudice to Plaintiff's amending his Complaint by detailing the acts indicating personal involvement of these Defendants.[1]

---

[1] The Court, therefore, will not order service upon Defendants John Doe Medical Personnel unless and until Plaintiff amends his Complaint either by detailing personal involvement of the identified Defendants or by identifying Defendants John Does. Although Plaintiff alleged personal involvement on part of Defendants John Doe,

(continued...)

## C. Potentially Viable Claims

Liberally interpreting Plaintiff's Complaint, the Court finds that dismissal of certain Plaintiff's claims against Defendants John Doe, Doctor at Bergen County Jail; Officer Russo; and John Doe Bergen County Jail Officers is not warranted at this stage.

### 1. Claims Against John Doe Doctor

Plaintiff sets forth two types of claims against Defendant John Doe Doctor: (1) that the Defendant "caus[ed] Plaintiff to be incapable of defending himself during [Plaintiff's] criminal trial" (hereinafter "Criminal Defense Claim"); and (2) that the "Defendant acted with deliberate indifference to Plaintiff's right[] to adequate medical care" (hereinafter "Medical Claim"). Compl. at 3.

---

[1](...continued)

> [the service] on Defendant[s] John Doe [will not be ordered] because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on . . . unidentified defendant[s]. If Plaintiff is able to determine the identity of th[ese] Defendant[s], he should amend his Complaint to name them. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

Stackhouse v. Maricopa County, 2006 U.S. Dist. LEXIS 50132, at *6 (D. Ariz. July 19, 2006). Similarly, without allegation of personal involvement by the identified Defendants, this Court has no reason to direct service upon defendants that do not appear to be liable. See Baker, 50 F.3d at 1190-91.

**a.     Criminal Defense Claim**

Plaintiff's Criminal Defense Claim has no merit for the following reasons:

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court

rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Plaintiff's Criminal Defense Claim against Defendant John Doe Doctor presents the type of claim addressed in Heck; that is, a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction (since no other conviction would be holding Plaintiff in custody). See Strickland v. Washington, 466 U.S. 668 (1984) (describing "the standards by which to judge a contention that the Constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel"); Smith v. Holtz, 87 F.3d 108, 112 (3d Cir.) (involving claims that defendants suppressed exculpatory evidence and contrived inculpatory evidence), cert. denied, 519 U.S. 1041 (1996). "Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) (emphasis in original). As Plaintiff does not contend that his conviction has been invalidated, and his Criminal Defense Claim against Defendant John Doe Doctor would necessarily invalidate

Plaintiff's criminal conviction, Plaintiff's Criminal Defense Claim has not yet accrued.[2]  Accordingly, Plaintiff's Criminal Defense Claim must be dismissed for failure to state a claim.  See Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, 411 F.3d 427, 452(2005) (noting that the cases in which the only evidence supporting a conviction is tainted by a possible

---

[2] In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8. Several federal courts have applied Heck and its progeny to prisoners' challenges to their sentencing brought as § 1983 actions.  See, e.g., Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000), cert. denied, 2001 WL 369855, 69 U.S.L.W. 3480 (Apr. 16, 2001) (affirming dismissal of action challenging sentencing court's failure to grant credit for time served awaiting trial); Wilson v. Lostracco, 221 F.3d 1337, 2000 WL 918331 (6th Cir. June 26, 2000) (affirming dismissal of action challenging imposition of consecutive sentence which disqualified prisoner from participation in community residential placement program); Azania v. Bechert, 172 F.3d 52, 1999 WL 38092 (7th Cir. Jan 8, 1999) (action alleging that sentencing procedure was tainted by conspiracy among defense counsel, prosecutors, and judge not cognizable under § 1983); Ferguson v. Finney, 104 F.3d 367, 1996 WL 728169 (10th Cir. Dec. 19, 1996) (action alleging that sentencing system discriminates on the basis of race not cognizable under § 1983); Fausset v. Masters, 65 F.3d 174, 1995 WL 499436 (9th Cir. Aug. 22, 1995) (affirming dismissal of action challenging sentencing error which resulted in sentence of imprisonment rather than probation).  See also Young v. Dreiblatt, 97 F.3d 1463, 1996 WL 528375 (9th Cir. Sept. 13, 1996) (affirming dismissal of action challenging constitutionality of examining psychiatrists' actions leading to continued civil commitment under Washington Sexually Violent Predators Act, Wash. Rev. Code §§ 71.09.010-71.09.902).

constitutional violation are perhaps "the quintessential example of when the Heck deferred accrual rule is triggered" since, in such cases, the actual compensable injury is the injury of being convicted and imprisoned, which is not actionable until the conviction is overturned).

**b. Medical Claim**

While Plaintiff's Medical Claim against Defendant John Doe Doctor is effectively limited to the statement that this "Defendant acted with deliberate indifference to Plaintiff's right[] to adequate medical care," Compl. at 3, this Court (i) liberally interprets this allegations in the context of Plaintiff's statement that the Defendant "ordered Xanax to be given with Plaintiff's Clonidine, and discontinued [Plaintiff's] pain medication," id. at 7, and (ii) reads it as an allegation that Plaintiff's Due Process rights were violated.

Since "the Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner," Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997) (citation omitted); see also Bell, 441 U.S. at 544; City of Revere v. Massachusetts, 463 U.S. 239, 244 (1983), deliberate indifference to a pretrial detainee's serious medical needs violates his right not to be punished without due process of law. See Reynolds, 128 F.3d at 173-74; Monmouth County Correctional

Institution Inmates v. Lanzaro, 834 F.2d 326, 345-46, n.31 (3d Cir. 1987); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825 (1994).

Under the Eighth Amendment, a confined person has a protected right in being incarcerated at a place of confinement confirming to the standards set forth by the Eighth Amendment. The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that ""he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials . . . must take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984), see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society."

Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

Thus, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Persistent severe pain qualifies as a serious medical need. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

"Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197. Furthermore, deliberately delaying necessary medical diagnosis for a long period of time in order to avoid providing care constitutes deliberate indifference that is actionable. See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993). Deliberate indifference is also evident where officials erect arbitrary and burdensome procedures that result in interminable

delays and denials of medical care to suffering inmates. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied 486 U.S. 1006 (1998). However, neither inconsistencies or differences in medical diagnoses, nor refusal to consider inmate's self-diagnoses, to summon the medical specialist of the inmate's choice, to perform tests or procedures that the inmate desires, to explain to the inmate the reason for medical action or inaction, or to train the inmate to perform medical procedures can amount to cruel and unusual punishment. See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (mere disagreements over medical judgment do not state Eighth Amendment claims).

Since further discovery might enable Plaintiff to show that his Medical Claim against Defendant John Doe Doctor has merit, this claim will not be dismissed at this stage.

**2. Claims Against Officer Russo and John Doe Bergen County Jail Officers**

Plaintiff’s claims against Officer Russo and John Doe Bergen County Jail Officers are based on alleged “collective[] beating [of] Plaintiff and causing [Plaintiff] severe injuries.” Compl. at 3-4. The Court interprets this claim as an allegation of excessive force on the part of these officers, in violation of Plaintiff’s Due Process rights.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. See Bell v. Wolfish, 441 U.S. 520, 535 (1979).[3] Not every restriction imposed on a pretrial detainee amounts to unconstitutional punishment. See id. at 537. To determine the constitutionality of a condition of pretrial detention, a "court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." Id. at 538. "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." Id. at 538 (citations and internal quotation marks omitted). Legitimate non-punitive government interests justifying restraints on a pretrial detainee include ensuring the detainee's presence at trial, effective management of the detention facility, and maintaining security and order, but do not include retribution

[3] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

and deterrence. Id. at 539-40, n.20. Accordingly, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540.

In the instant Complaint, Plaintiff appears to assert that corrections officers violently and brutally assaulted him without having any legitimate non-punitive government interests. Therefore, this Court finds that Plaintiff's claims against Officer Russo and John Doe Bergen County Jail Officers should not be dismissed at the instant juncture.

**D. Application for Appointment of Pro Bono Counsel**

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994)).  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.

> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Id. at 157.


Analysis of these factors reveals that appointment of counsel is not necessary at this juncture.  As Plaintiff's submission indicates, Plaintiff appears able to present his claim in a clear and articulate manner.  He demonstrates an understanding of his claim and the issues involved are not complex.  Also, Plaintiff's ability to investigate or obtain medical and prison records pertinent to his claim is not impaired merely because he is incarcerated.  He can utilize discovery requests to obtain relevant records and information.  Therefore, Plaintiff's application for appointment of counsel at the initial stages of litigation is premature.  In the event this matter advances beyond fact discovery and the need for medical expert witnesses becomes crucial,

Plaintiff may submit another application for appointment of counsel. The present application, therefore, is denied without prejudice.

**CONCLUSION**

For the reasons stated above, Plaintiff's claims against as to Defendants Bergen County Jail, Correctional Medical Services, Inc. and Patricia Bagleve, Bergen County Prosecutor are dismissed, with prejudice, in their entirety for failure to state a claim upon which relief may be granted. Plaintiff's claims against Defendants John Doe Medical Personnel are dismissed without prejudice to Plaintiff's detailing personal involvement of these Defendants and identifying these Defendants. Plaintiff's Criminal Defense Claim against Defendant John Doe Doctor is dismissed without prejudice, since the claim has not yet accrued. Finally, Plaintiff's Medical Claim against Defendant John Doe Doctor, as well as Plaintiff's claims against Officer Russo and John Doe Bergen County Jail Officers will proceed to the next stage.

Plaintiff's application for appointment of pro bono counsel is denied without prejudice.

An appropriate order accompanies this Opinion.

/s/ Faith S. Hochberg
**United States District Judge**

Dated: June 7, 2007