UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONALD E. BOYD, | : | Civil No. 07-769 (FSH) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| BERGEN COUNTY JAIL, et al., | : | |
| Defendants. | : | |

For the reasons stated in the Opinion filed herewith,

**IT IS on this 7th day of June, 2007, hereby**

**ORDERED** that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby granted; and it is further

**ORDERED** that the Clerk shall file the Complaint; and it is further

**ORDERED** that Plaintiff's claims against Defendants Bergen County Jail, Correctional Medical Services, Inc. and Patricia Bagleve are dismissed with prejudice; and it is further

**ORDERED** that Plaintiff's claims against Defendants John Doe Medical Personnel John Doe Medical Personnel are dismissed without prejudice; and it is further

**ORDERED** that the Clerk is directed to amend the caption in this matter by removing Bergen County Jail, Correctional Medical

Services, Inc., Patricia Bagleve and John Doe Medical Personnel as Defendants in this action; and it is further

**ORDERED** that Plaintiff's Complaint is dismissed without prejudice as to the claims against Defendant "John Doe Doctor" alleging that John Doe Doctor "alone and in concert with the others . . . deliberately deprive[d] Plaintiff of a fair trial by rendering Plaintiff . . . incapable of defending himself during his criminal trial," and it is further

**ORDERED** that Plaintiff's claims against John Doe Doctor alleging that John Doe Doctor "acted with deliberate indifference to Plaintiff's right to adequate medical care" may proceed to the next stage; and it is further

**ORDERED** that Plaintiff's claims against Defendants Officer Russo and "John Doe Bergen County Jail Officers" may proceed to the next stage; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon John Doe Doctor, Officer Russo and "John Doe Bergen County Jail Officers" (hereinafter "Remaining Defendants"), pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the Remaining Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of

Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

**ORDERED** that Plaintiff's application for appointment of pro bono counsel is denied without prejudice; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall forward copies of this Order by regular mail to the Attorney General for the State of New Jersey and to the warden of Plaintiff's place of confinement; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the Bureau of Prisons shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is finally

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the Bureau of Prisons shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income

credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall provide Plaintiff with a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel to be utilized by Plaintiff if Plaintiff chooses to re-apply for appointment of pro bono counsel (in that respect, Plaintiff is reminded that appointment of counsel is neither guaranteed nor automatic, and will be based on this Court's consideration of factors stated in ¶7 of this Order); and it is further

**ORDERED** that, if at any time Plaintiff again seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address; and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular mail.

                                          /s/ Faith S. Hochberg
                                          **United States District Judge**