NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD BOYD, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 07-769 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| BERGEN COUNTY JAIL, *et al.*, | Date: January 4, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter having come before the Court upon the Motion for Reconsideration filed by Plaintiff; and

it appearing that a Court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, *Database America v. Bellsouth Advertising & Publ'g.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991));[1] and

---

[1] The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also*, *Shoenfeld Asset Mgt. v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001), *Yurecko v. Port Authority Trans-Hudson*, 279 F. Supp.2d 606, 608-09 (D.N.J. 2003). A motion for reconsideration is improper when it is used "to ask the Court to rethink what it had already thought through – rightly or wrongly," *Ciba-Geigy Corp. v. Alza Corp.*, 1993 WL 90412, *1 (D.N.J. March 25, 1993); *Oritani Sav. & Loan v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993). Because

1

it further appearing that (1) there has been no intervening change in controlling law; (2) Plaintiff has not presented new evidence that was not available for the Court to consider; and (3) there has been no clear error of law or manifest injustice;[2] and

for the reasons stated on the record today;

**IT IS** on this 4th day of January, 2013,

**ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**; and it is further

**ORDERED** that Plaintiff's state law claim against Dr. Hershkowitz is hereby **SEVERED**; and it is further

**ORDRED** that the Court declines to exercise supplemental jurisdiction over that claim; and it is further

**ORDERED** Plaintiff's state law claim against Dr. Hershkowitz is **DISMISSED WITHOUT PREJUDICE**.[3]

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

---

reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly." *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

[2] Plaintiff's argument that the Court applied the incorrect standard is without merit. The Court's decision concerning the denial of medication under the Eighth Amendment has no bearing on its decision concerning the alleged provision of medication without Plaintiff's informed consent. That the Court applied the appropriate standard in evaluating Plaintiff's claims is evident from the fact that the cases Plaintiff contends control are the same cases relied upon by the Court in its decision. *See, e.g.*, *White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990); *Mudey v. United States*, 2011 U.S. Dist. LEXIS 53471, at *11-12 (D.N.J. May 18, 2011). Contrary to Plaintiff's contention, the Court relied on the relevant facts in determining that there was no disputed issue of material fact that Plaintiff's due process rights were not violated. Accordingly, the Court granted summary judgment.

[3] The statute of limitations shall be tolled for that claim during the time it was pending in this Court.